JUDGE MARRERO

07 CV 10712

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to Insurance Company of North America; ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA Property & Casualty Insurance Company), as successor-in-interest to Central National Insurance Company of Omaha, but only as respects policies issued by it through Cravens, Dargan & Company, Pacific Coast; and PACIFIC EMPLOYERS INSURANCE COMPANY,<br><br>     Plaintiffs,<br><br>vs.<br><br>TRANSATLANTIC REINSURANCE COMPANY,<br><br>     Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | __ Civ. _____ |

NOV 30 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiffs Century Indemnity Company ("Century Indemnity"), ACE Property &

Casualty Co. ("ACE P&C"), and Pacific Employers Insurance Company ("PEIC"), for their

complaint against defendant Transatlantic Reinsurance Company ("Transatlantic"), hereby allege

as follows.

### THE PARTIES

1.      Plaintiff Century Indemnity Company is a corporation organized under the laws

of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia,

Pennsylvania. Century Indemnity is the successor to Insurance Company of North America

("INA") with respect to contracts in dispute in this matter, discussed below, that were issued to

INA.

2.      Plaintiff ACE Property & Casualty Insurance Company (f/k/a CIGNA Property & Casualty Insurance Company) is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. ACE P&C sues as successor to the rights and interests of Central National Insurance Company of Omaha (but only in connection with policies issued by it through Cravens, Dargan & Company, Pacific Coast, as managing general agent) with respect to contracts in dispute in this matter, discussed below, that were issued to Central National.

3.      Plaintiff Pacific Employers Insurance Company is a corporation organized under the laws of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

4.      Upon information and belief, defendant Transatlantic Reinsurance Company is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.

5.      This action arises out of Transatlantic's failure to honor reinsurance agreements it has with Plaintiffs, despite the fact that Plaintiffs have fulfilled all of their obligations under those agreements. As of the date of this Complaint, Transatlantic owes and has refused to pay at least $464,982.75 to Plaintiffs. Plaintiffs anticipate that further owed amounts will accrue as they continue to bill Transatlantic pursuant to the terms of the reinsurance agreements.

## JURISDICTION AND VENUE

6.      Jurisdiction of this action arises under 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars, and the parties are citizens of different states.

7.      Venue is proper in this district under 28 U.S.C. § 1391(a) and (c).

## THE REINSURANCE AGREEMENTS

8.      Reinsurance is a contractual arrangement that involves the transfer of all or a portion of the insurance risks underwritten by one insurer (referred to as the ceding company or cedent) to another insurer (referred to as the reinsurer) pursuant to the terms of a reinsurance agreement.

9.      In this case, Plaintiffs initially issued insurance policies to a number of companies, including, but not limited to, the following insurance policies (the "Underlying Policies"):

| Account Name | Underlying Policy Number |
|---|---|
| Port Authority of NY & NJ | CRXD0666966 |
| Marley Wylain | CNU124872 |
| Goldfields Mining Co. | XCC 012282 |
| International Paper | 522 054606 |
| Big Three | CNU006763 |
| RJ Reynolds Industries | 523 389859 |
| Aqua Chem | XBC151859; XBC152345 |
| Congoleum | XCPGO7908702 |

10.      In turn, Plaintiffs ceded a portion of their risk on each Underlying Policy to Transatlantic through a corresponding facultative certificate, including, but not limited to, the following facultative certificates ("Certificates"): C80-34217; C81-36255; C82-4500950; C81-4500264; C80-77721; 5064248; C7610863; C7710863; and 051545.

11.      Plaintiffs have fully performed all of their obligations under the Certificates, including the payment of all premiums to which Transatlantic is entitled.

- 3 -

12.     Plaintiffs have billed Transatlantic certain amounts pursuant to the Certificates for Transatlantic's share of the claims that Plaintiffs have paid out pursuant to the Underlying Policies.

13.     Despite repeated requests for payment by Plaintiffs, Transatlantic has refused to reimburse Plaintiffs for the amounts for which Transatlantic is liable under the Certificates. As of the date of this filing, Transatlantic owes Plaintiffs at least $464,982.75, plus interest, under the Certificates, with respect to, *inter alia*, amounts Plaintiffs paid in connection with underlying claims against or relating to the following entities:

| Account Name | Amount Billed |
|---|---|
| Port Authority of NY & NJ | $151,432.86 |
| Marley Wylain | $120,690.87 |
| Goldfields Mining Co. | $33,996.00 |
| International Paper | $33,058.56 |
| Big Three | $61,424.75 |
| RJ Reynolds Industries | $25,570.74 |
| Aqua Chem | $19,769.80 |
| Congoleum | $19,039.17 |
| TOTAL | $464,982.75 |

14.     Plaintiffs continue to pay claims on the Underlying Policies on an on-going basis, for which they will, in turn, continue to bill Transatlantic pursuant to the terms of the Certificates.

## COUNT I
### (Breach of Contract)

15.    Paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

16.    Plaintiffs have fully performed all of their obligations under the Certificates, including (i) the payment of all premiums to which Transatlantic is entitled, and (ii) the payment of claims on the Underlying Policies for which Plaintiffs are liable.

17.    By refusing to reimburse Plaintiffs for Transatlantic's share of the claims that Plaintiffs have paid, Transatlantic is in breach of its obligations under the Certificates.

18.    Transatlantic's breach of the Certificates has caused, and will continue to cause, damage to Plaintiffs. To the present date, Transatlantic owes Plaintiffs at least $464,982.75, exclusive of interest and costs.

## COUNT II
### (Declaratory Judgment)

19.    Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20.    An actual controversy exists between Plaintiffs, on the one hand, and Transatlantic, on the other, as to the amounts Plaintiffs would be entitled to recover from Transatlantic under the Certificates for any future claims that Plaintiffs pay out on the Underlying Policies.

21.    Plaintiffs continue to pay claims on the Underlying Policies on an on-going basis, for which they will, in turn, continue to bill Transatlantic pursuant to the terms of the Certificates. On information and belief, Transatlantic will likely refuse to pay future amounts billed by Plaintiffs under the Certificates in the same manner that Transatlantic has refused to

pay Plaintiffs for the amounts already billed under the Certificates. Thus, this controversy is ripe for judicial determination.

22.    In accordance with 28 U.S.C. §§ 2201 and 2202, the Court should declare and determine the rights and obligations of the parties under the Certificate, including declaring and determining that (i) Transatlantic is in breach of the Certificates, and (ii) Transatlantic is obligated to pay future billings from Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

(a)    That the Court award Plaintiffs damages, including costs and appropriate interest, for an amount to be determined as a result of Transatlantic's breach of the Certificates;

(b)    That the Court enter judgment declaring and determining that Transatlantic is in breach of the Certificates;

(c)    That the Court enter judgment declaring and determining the rights and obligations of the parties under the Certificates with respect to future billings from Plaintiffs;

(d)    For attorneys' fees and costs; and

(e)    For such other or further relief as may be just and proper.

November 30, 2007                              Respectfully Submitted,

                                              Frank M. Esposito (FE2558)
                                              CROWELL & MORING LLP
                                              153 East 53rd Street, 31st Floor
                                              New York, NY  10022
                                              Telephone (212) 223-4000
                                              Facsimile (212) 223-4134

                                              - and -

                                              William C. O'Neill
                                              Paul Alp
                                              Jennifer R. Devery
                                              CROWELL & MORING LLP
                                              1001 Pennsylvania Avenue, N.W.
                                              Washington, DC  20004
                                              Telephone (202) 624-2500
                                              Facsimile (202) 628-5116

                                              *Attorneys for Plaintiff Century Indemnity
                                              Company, as successor to Insurance Company of
                                              North America; ACE Property & Casualty
                                              Company (f/k/a CIGNA Property & Casualty
                                              Insurance Company), as successor-in-interest to
                                              Central National Insurance Company of Omaha,
                                              but only as respects policies issued through Cravens,
                                              Dargan & Company, Pacific Coast; and Pacific
                                              Employers Insurance Company*

4670975.04