UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to Insurance Company of North America; ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA Property & Casualty Insurance Company), as successor-in-interest to Central National Insurance Company of Omaha, but only as respects policies issued by it through Cravens, Dargan & Company, Pacific Coast; and PACIFIC EMPLOYERS INSURANCE COMPANY, : : : : : : |   |
| Plaintiffs,   : | 07 CV 10712 (VM) (ECF) |
| vs.   : |   |
| TRANSATLANTIC REINSURANCE COMPANY,   : |   |
| Defendant.   : |   |

## ANSWER TO COMPLAINT

Defendant, Transatlantic Reinsurance Company ("Transatlantic"), by and through its attorneys, Locke Lord Bissell & Liddell LLP, as and for its Answer to the Complaint filed by Century Indemnity Company, ACE Property & Casualty Company and Pacific Employers Insurance Company (collectively "Plaintiffs") alleges as follows:

### THE PARTIES

1. Transatlantic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Transatlantic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Transatlantic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Transatlantic admits the allegations contained in paragraph 4.

5. Transatlantic denies the allegations contained in paragraph 5.

## JURISDICTION AND VENUE

6. Transatlantic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Transatlantic admits that it is a corporation which is subject to personal jurisdiction in this district, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

## THE REINSURANCE AGREEMENTS

8. Transatlantic admits the allegations contained in paragraph 8.

9. Transatlantic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Transatlantic admits that it entered into certain facultative reinsurance contracts with certain Plaintiffs, but denies that all of the certificate numbers listed in paragraph 10 are legitimate Transatlantic certificate numbers, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. Transatlantic admits that certain Plaintiffs have paid premiums for certain facultative reinsurance contracts at issue, but denies the remaining allegations contained in paragraph 11.

12. Transatlantic admits that certain Plaintiffs have billed Transatlantic certain amounts pursuant to certain facultative certificates at issue, but denies the remaining allegations contained in paragraph 12.

13. Transatlantic admits that certain amounts have been billed by certain Plaintiffs and that Transatlantic has refused to pay certain amounts in response to those billings, but denies the remaining allegations contained in paragraph 13.

14. Transatlantic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

## COUNT I
### (Breach of Contract)

15. Transatlantic repeats and realleges each and every answer to each and every allegation contained in paragraphs 1 through 14 as if more fully set forth at length herein.

16. Transatlantic denies the allegations contained in paragraph 16.

17. Transatlantic denies the allegations contained in paragraph 17.

18. Transatlantic denies the allegations contained in paragraph 18.

## COUNT II
### (Declaratory Judgment)

19. Transatlantic repeats and realleges each and every answer to each and every allegation contained in paragraphs 1 through 18 as if more fully set forth at length herein.

20. Transatlantic denies the allegations contained in paragraph 20.

21. Transatlantic denies the allegations contained in paragraph 21.

22. Transatlantic denies the allegations contained in paragraph 22.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

23. Plaintiffs' claims should be dismissed on the grounds that they fail to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiffs' claims should be dismissed, or the damages alleged therein should be reduced, on the grounds that Plaintiffs have breached their utmost duty of good faith owed to Transatlantic.

### THIRD AFFIRMATIVE DEFENSE

25. Plaintiffs' claims should be dismissed, or the damages alleged therein should be reduced, to the extent that Plaintiffs have failed to mitigate, minimize or avoid the loss allegedly sustained.

### FOURTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims should be dismissed, or the damages alleged therein reduced, on the grounds that payments made in the underlying claims or expenses incurred with respect to those underlying claims include losses that are not within the coverage or limits afforded by the facultative reinsurance contracts between Plaintiffs and Transatlantic.

### FIFTH AFFIRMATIVE DEFENSE

27. Plaintiffs claims should be dismissed, or the damages alleged therein reduced, on the grounds that certain claims are barred by the statute of limitations.

4

Dated: January 25, 2008

                    LOCKE LORD BISSELL & LIDDELL, LLP

By: _____
R. James De Rose, III (RD9660)
885 Third Avenue, 26th Floor
New York, NY 10022
Telephone (212) 812-8329
Facsimile (212) 812-8379

- and -

Mark A. Kreger
Kimberly M. Hamm
111 South Wacker Drive
Chicago, IL 60606
Telephone (312) 443-0700
Facsimile (312) 443-0336

*Attorneys for Transatlantic Reinsurance Company*

NYC 63841v.1