**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to Insurance Company of North America; ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA Property & Casualty Insurance Company), as successor-in-interest to Central National Insurance Company of Omaha, but only as respects policies issued by it through Cravens, Dargan & Company, Pacific Coast; and PACIFIC EMPLOYERS INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANSATLANTIC REINSURANCE COMPANY, <br><br> Defendant. | : <br> : <br> : <br> : Civil Action No.: 07 CV 10712 (VM)(ECF) <br> : Judge Victor Marrero <br> : <br> : <br> : **TRANSATLANTIC** <br> : **REINSURANCE COMPANY'S** <br> : **INITIAL F.R.C.P. 26** <br> : **DISCOVERY DISCLOSURES** <br> : <br> : <br> : <br> : |

Pursuant to F.R.C.P., Rule 26(a)(1), Defendant Transatlantic Reinsurance Company ("Transatlantic") hereby makes the following initial disclosures. Transatlantic makes these disclosures based on information and belief and reserves the right to change, modify and/or supplement these disclosures based on information subsequently discovered during the course of this action.

**I.      INDIVIDUALS WITH DISCOVERABLE INFORMATION**

Pursuant to Rule 26(a)(1)(A), Transatlantic identifies the following persons who may possess knowledge and/or discoverable information that Transatlantic may use to support its claims, defenses and/or counterclaims:

1.      Julie LeBrun, former underwriter and branch manager for Transatlantic Reinsurance Company. Upon information and belief Ms. LeBrun's last known address is 3302 Manhattan Avenue, # 1, Hermosa Beach, California 90254. Ms. LeBrun may have

knowledge of Transatlantic's underwriting decisions in regard to certain claims set forth in Plaintiffs' Complaint.

2.   Lee Taylor, Manager of Casualty Underwriting, Transatlantic Reinsurance Company, 80 Pine Street, New York, New York, 10005.  Mr. Taylor may have knowledge of Transatlantic's underwriting decisions in regard to certain claims set forth in Plaintiffs' Complaint.

3.   Joan Stalmack, former underwriter for Transatlantic Reinsurance Company.  Upon information and belief Ms. Stalmack's last known address is 1606 Alamance Place, Downers Grove, Illinois 60516.  Ms. Stalmack may have knowledge of Transatlantic's underwriting decisions in regard to certain claims set forth in Plaintiffs' Complaint.

4.   Pamela Shakong, former Assistant Vice President Facultative Casualty Underwriting for Transatlantic Reinsurance Company.  Upon information and belief Ms. Shakong's last known address is 763 North Taylor Street, Philadelphia, Pennsylvania, 19130.  Ms. Shakong may have knowledge of Transatlantic's underwriting decisions in regard to certain claims set forth in Plaintiffs' Complaint.

5.   John Serbu, former Casualty Manager for Transatlantic Reinsurance Company.  Upon information and belief Mr. Serbu's last known address is 694 Rombach Avenue, Wilmington, Ohio 45177.  Mr. Serbu may have knowledge of Transatlantic's underwriting decisions in regard to certain claims set forth in Plaintiffs' Complaint.

6.   Terry Homan Cox, former Casualty Manager for Transatlantic Reinsurance Company.  Upon information and belief Ms. Cox's last known address is 814B Country Club Parkway, Mt. Laurel, New Jersey 08054.  Ms. Cox may have

knowledge of Transatlantic's underwriting decisions in regard to certain claims set forth in Plaintiffs' Complaint.

7. Barbara Scott, former Casualty & Regional Manager for Transatlantic Reinsurance Company. Upon information and belief Ms. Scott's last known address is 139 F Seminary, Mill Valley, California 94941. Ms. Scott may have knowledge of Transatlantic's underwriting decisions in regard to certain claims set forth in Plaintiffs' Complaint.

8. Beth Levene, Senior Vice President/Claims Manager, Transatlantic Reinsurance Company, 80 Pine Street, New York, New York, 10005. Ms. Levene may have knowledge of Transatlantic's claims decisions in regard to the claims set forth in Plaintiffs' Complaint.

9. Ken Regan, claims examiner, Transatlantic Reinsurance Company, 80 Pine Street, New York, New York, 10005. Mr. Regan may have knowledge of Transatlantic's claims decisions in regard to certain claims set forth in Plaintiffs' Complaint.

10. Timothy Butts, Assistant Claims Manager, Transatlantic Reinsurance Company, 80 Pine Street, New York, New York, 10005. Mr. Butts may have knowledge of Transatlantic's claims decisions in regard to certain claims set forth in Plaintiffs' Complaint.

11. Robert Rosen, Assistant Manager Pro-Rata, Transatlantic Reinsurance Company, 80 Pine Street, New York, New York, 10005. Mr. Rosen may have knowledge of Transatlantic's claims decisions in regard to certain claims set forth in Plaintiffs' Complaint.

**II.    DOCUMENTS, DATA COMPILATIONS & TANGIBLE THINGS**

Pursuant to Rule 26(a)(1)(B), Transatlantic hereby identifies those "documents," as defined under Federal Rule of Evidence, Rule 1001, that Transatlantic may use to support its claims, defenses and/or counterclaims:

1.    Transatlantic maintains all claims and underwriting files that may be relevant to certain claims set forth in Plaintiffs' Complaint at their Home Office at 80 Pine Street, New York, New York, 10005.

Additional documents may exist in the custody or control of other parties, and are expected to be the subject of pretrial discovery.

**III.   COMPUTATION OF DAMAGES & RELATED DOCUMENTS**

Pursuant to Rule 26(a)(1)(C), Transatlantic hereby states that it has made no claim for damages in this matter and further states that Plaintiffs' damages are as set forth in Plaintiffs' complaint.

**IV.   INSURANCE AGREEMENTS**

Pursuant to Rule 26(a)(1)(D), Transatlantic is not aware of any insurance agreement that may be used to satisfy all or part of a judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment. For purposes of this response, neither the insurance contracts issued by Plaintiffs to any of its insureds as set forth in Plaintiffs' Complaint or the reinsurance contracts between Plaintiffs and Transatlantic are considered.

**V.    OTHER INFORMATION**

These disclosures are made without any admission as to the relevance, discoverability or admissibility of the listed evidence and without a waiver of any disclosing party's right to withhold the production of any documents or information on

the basis of privilege or any other right or immunity. These disclosures are made without prejudice to any disclosing party's right to make supplemental disclosures based upon information developed in the course of this lawsuit through discovery or factual investigation.

Pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, the undersigned counsel of record certifies to the best of his or her knowledge, information and belief, formed after inquiry reasonable under the circumstances, the disclosures made herein are complete and correct as of the time made.

LOCKE LORD BISSELL & LIDDELL, LLP

By: s/Mark A. Kreger
Mark A. Kreger
Kimberly M. Hamm
111 South Wacker Drive
Chicago, IL 60606
Telephone (312) 443-0700
Facsimile (312) 443-0336

*Attorneys for Transatlantic Reinsurance Company*

Dated: July 18, 2008

CHI1 1503323v.1